UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WELLS FARGO BANK, N.A., AS TRUSTEE
FOR THE HOLDERS OF WATERFALL
VICTORIA MORTGAGE TRUST 2011-SBC2
MORTGAGE-BACKED CERTIFICATES,
SERIES 2011-SBC2,

<u>**ORDER ADOPTING
REPORT AND
RECOMMENDATION**</u>
13-CV-5822 (RRM)(JO)

        Plaintiff,

  - against -

BENJAMIN LANDI, an individual, and B.W.T.
TAILOR SHOP CORP., a New York corporation,

        Defendants.
------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James Orenstein (Doc. No. 28), and plaintiff's limited objections to that R&R (Doc. No. 30). Plaintiff takes issue with Judge Orenstein's decision to 1) deny relief against defendant B.W.T. Tailor Shop Corp. ("BWT"), and 2) to award damages for inspection and attendance fees.[1] The Court presumes familiarity with the pleadings, submissions, and hearings in this matter.

## Standard of Review

The Court reviews *de novo* the portions of an R&R to which a party has objected. *See* Fed. R. Civ. P. 72(b)(3); *Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 638 (E.D.N.Y. 2012). Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, No. 07 CV 2319, 2013 WL 5350109, at *1 (E.D.N.Y. Sept. 23, 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). Objections that offer only

---

[1] Also before the undersigned, and not before the magistrate judge is a motion for the appointment of a receiver (Doc. No. 27) filed before the motion for default judgment and before the issuance of the R&R. As the posture of this case has changed dramatically since the filing of that motion with the imminent filing of a judgment of foreclosure based on this Order, the Court denies that motion without prejudice.

1

perfunctory responses, merely reiterate arguments already made and rejected, or state a general disagreement with the outcome are also reviewed for clear error. *See Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed. *See* Fed. R. Civ. P. 72(a); *Regan v. Daimler Chrysler Corp.*, No. 07 CV 1112, 2008 WL 2795470, at *1 (E.D.N.Y. July 18, 2008) (quoting *Nielsen v. New York City Dep't of Educ.*, No. 04 CV 2182, 2007 WL 1987792, at *3 (E.D.N.Y. July 5, 2007)) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."). After reviewing the R&R, the Court may accept, reject, or modify its findings or recommendations, receive further evidence, or return the matter to the magistrate judge with instructions. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(l)(C).

## Order of Foreclosure Against Landi

The Court has reviewed for clear error those portions of the R&R to which plaintiff does not object, and finds none. As such, the Court awards judgment on default in favor of Wells Fargo and against defendant Benjamin Landi on its cause of action for mortgage foreclosure. That judgment shall permit the foreclosure and sale of the Property, and judgment against Landi in the amount of $1,413,663.01 (including unpaid principal of $953,310.30; interest in the amount of $411,457.87; late charges in the amount of $3,504.78; a prepayment fee of $38,132.41; attorney's fees in the amount of $5,553.75; and $1,703.90 in litigation costs.) The Court denies any award for UCC fees, and interest on advances.

Objections Regarding Inspection Fees and Prospective Witness Expenses

The Court has reviewed *de novo* those portions of the R&R that denies the award damages for expenses described as inspection fees ($226.91), and those of a prospective witness who did not testify ($1,113.00), and to which plaintiff objects. In its objections, Wells Fargo first claims, as it did before the magistrate judge, that it is entitled to inspection fees because the mortgage allows both for both inspection "at all responsible times and upon reasonable notice" and in the event a forclosure action, payment of the Lender's reasonable attorney's fees and expenses. Yet, the mortgage itself does not link these two events. Perhaps recognizing its own strained reading of the mortgage, Wells Fargo attempts to salvage this claim by suggesting, as it did before Judge Orenstein, that an inspection

> enables the Lender to determine property condition and assess what amount the Lender may be willing to bid at the coming foreclosure. It also permits the Lender to determine whether the Borrower has also ignored its duties to maintain the property in accordance with the Borrower's covenants in . . . the Mortgage.

Doc. No. 30 at 7. As Judge Orenstein correctly concluded in denying the requested relief, "[a]ll of those are reasons that Wells Fargo might want to inspect the Property to vindicate its interests in the event it prevails in this litigation, but none of them is reasonably necessary to prosecute the claims in the instant foreclosure action." R&R at 11. The Court agrees, and upon *de novo* review, overrules Wells Fargo's objections, and denies any award of inspection fees.

Similarly, the Court denies the award of expenses incurred by Wells Fargo in bringing prospective witness Kyle Morris, Lender's representative, to appear at the inquest. The Court reviewed the entire record *de novo*, including the record of the transcript of the inquest hearing before Judge Orenstein (Doc. No. 24-1). Mr. Morris was never called as a witness. Judge Orenstein made perfectly clear to Wells Fargo's counsel that it was counsel's decision whether to call Mr. Morris. *Id.* at 3. Moreover, counsel acknowledged that Mr. Morris could not add

anything in testimony that had not already been documented in his own affidavit. That Wells Fargo brought Mr. Morris out of an abundance of caution "to the extent the Court had any factual questions, such as questions about the loan history, the documents submitted in support of the expenses, or questions about possession of the original loan documents, that could require testimony from a person with knowledge" is a contingency for which Wells Fargo must bear the costs. (Doc. No. 30 at 8.) As such, this Court overrules Wells Fargo's objections to this portion of the R&R and denies the motion for the award of such expenses.

## Nominal Liability of BWT

The Court has also reviewed *de novo* Judge Ornstein's decision to deny relief against defendant BWT and in so doing, agrees that such relief is not warranted. Wells Fargo correctly notes, and Magistrate Judge Orenstein duly acknowledged, that the joinder of all tenants and other junior lienholders in a foreclosure action is required in order to extinguish the rights of redemption of all those who may have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale. *See,* N.Y. Real Prop. Act. L. § 1311; *see e.g., 6820 Ridge Realty LLC v. Goldman*, 701 N.Y.S.2d 69, 72 (App. Div. 1999). And both acknowledge that entry of default judgment under Rule 55 of the Federal Rules of Civil Procedure can be proper against a junior lienholder where the complaint alleges "nominal liability" – that is, where the complaint alleges that any liens a defaulting defendant may have against the debtor on mortgaged property are subordinate to the debtor. *See, e.g., Bank of Am. N.A. v. 3301 Atl., LLC*, 2012 WL 2529196 at *14 (E.D.N.Y. June 29, 2012); *Christiana Bank & Trust Co. v. Dalton*, 2009 WL 4016507, at *5 (E.D.N.Y. Nov. 17, 2009).

Wells Fargo claimed before the Magistrate Judge, and again in its objections, that it has properly alleged such nominal liability against BWT. Wells Fargo relies on three allegations in its Complaint:

> 1) the fact that BWT, one of only two defendants, has its principal place of business at the mortgaged premises;
>
> 2) the allegation in paragraph 25 of its Complaint, which states: "The Defendants herein have or claim to have some interest in, or lien upon, the Property or some part thereof, which interest or lien, if any, has accrued subsequent to the lien of the Mortgage, and is subject and subordinate thereto;" and
>
> 3) the "Wherefore" clause which seeks a finding that "such foreclosure will vest in the purchaser threat free and clear title to the Property, free of any and all interests that are or might be asserted by the Defendants to this Complaint."

Doc. No. 30 at 6. These conclusory allegations are insufficient to give rise to an allegation of nominal liability.

First, these allegations are not specific to BWT. They are wholly conclusory, and lump together both defendants, Landi, the Borrower, and BWT. Most important, nowhere in its Complaint does Wells Fargo even allege the nature of BWT's interest in the property – that of a tenant, a fact that Wells Fargo asserts for the first time in his motion for default judgment. Nor does Wells Fargo append any lease instrument in the eighty-plus pages of documents appended to its Complaint as exhibits.

In the face of conclusory assertions, BWT's default has not been established. Indeed, in those cases finding nominal liability on a defaulting defendant, including those on which Wells Fargo relies, each of the Complaints specified in great detail the nature of the interest held by all such defendants. *See, e.g., 3301 Atl. LLC*, 10-CV-5204, Doc. No. 1 at ¶¶ 42-48 (setting forth the specific interests of nominal defendants including tenants, lease guarantors, and holders of a Notice of Pendency); *see also Christiana v. Dalton*, 06-CV-3206, Doc. No. 1-3 at ¶¶ 16-22

(same with respect to specific judgments obtained by Brooklyn Union Gas, NYC Criminal Court, NYS Dept. of Taxation and Finance, NYC Parking Violations Bureau, *inter alia*.) For these reasons, upon *de novo* review, the Court concurs with the conclusions of Magistrate Judge Orenstein, overrules Wells Fargo's objections, and denies Wells Fargo's motion for default judgment against defendant BWT.

## Conclusion

For the reasons stated herein, the Court has reviewed the Report and Recommendation of Magistrate Judge Orenstein, overrules the limited objections of plaintiff Wells Fargo, and orders the following:

The Court awards judgment on default in favor of Wells Fargo and against defendant Benjamin Landi on its cause of action for mortgage foreclosure. That judgment shall permit the foreclosure and sale of the Property, and judgment against Landi in the amount of $1,413,663.01 (including unpaid principal of $953,310.30; interest in the amount of $411,457.87; late charges in the amount of $3,504.78; a prepayment fee of $38,132.41; attorney's fees in the amount of $5,553.75; and $1,703.90 in litigation costs.) The Court denies any award for UCC fees, interest on advances, inspection fees and witness expenses.

The Court denies in its entirety Wells Fargo's motion for default judgment against defendant B.W.T. Tailor Shop Corp. and dismisses the claim against this defendant.

The Clerk of Court shall enter Judgment accordingly, and close the case.

SO ORDERED

Dated: Brooklyn, New York
September 22, 2015

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge